OPINION OF THE COURT
William R. Johnston, J.
Defendants move by way of an omnibus motion for an order: (1) Dismissing the information pursuant to CPL 170.30 (subd 1, pars [a], [f], [g]), and; (2) Granting discovery to the defendants pursuant to CPL 340.30, and; (3) Directing the District Attorney to file a bill of particulars pursuant to CPL 100.45, and (4) For such other and further relief as the court may deem just and proper.
Defendants’ motion to dismiss the information is denied. Defendants’ motion for discovery and inspection is granted as to the item requested in paragraph 8 (a) and (b) and denied as *204 to paragraph 8 (c). Defendants’ motion for a bill of particulars is granted as to all the particulars requested in paragraph 10.
The court is denying defendants’ motion to dismiss because upon reviewing all the papers and documents submitted in the motion it disagrees with defendants’ premise set forth at page 8 of defendants’ memorandum of law that the authority of the chief administrative officer (or his designee) to order students to leave a university building, does not amount to a "lawful order” as defined in subdivision 5 of section 140.00 of the Penal Law. Subdivision 5 of section 140.00 of the Penal Law provides that a person to be guilty of section 140.05 must defy a "lawful order” not to enter or remain, personally communicated to him by the owner of such premises or other authorized person. Defendants argue that the chief administrative officer (or his designee) was neither the "owner” nor such authorized person and that therefore they had no right to lawfully order the defendants "not to enter or remain” (Penal Law, § 140.00, subd 5).
Defendants’ argument is based on the rules and regulations promulgated by the trustees of the university pursuant to section 6450 of the Education Law which rules and regulations are found in 8 NYCRR 535 et seq., and especially 8 NYCRR 535.6 (a) and (b).
Subdivisions (a) and (b) of section 535.6 captioned "Procedure” set forth the procedures to be taken in the event of a violation of section 535.3 captioned "Prohibited Conduct”. Subdivision (a) provides that in the event a licensee or invitee violates any provision of the rules, he can have his license or invitation withdrawn and be ejected from the premises. Subdivision (b) provides that in the case of any other violator, who is neither a student, nonfaculty or other staff member, the chief administrative officer, or his designee, shall inform him that he is not authorized to remain on the campus or other property of the institution and direct him to leave such premises. The last sentence of subdivision (b) further provides that: "[njothing in this subdivision shall be construed to authorize the presence of any such person at any time prior to such violation nor to affect his liability to prosecution for trespass or loitering as prescribed in the Penal Law.”
From this last sentence of subdivision (b) the defendants argue that the trustees of the university did not intend to give the chief administrative officer, or his designee, the authority required by subdivision 5 of section 140.00 of the Penal Law to *205 lawfully order a student to leave the campus or other property of the university. I disagree. I think that the last sentence of 8 NYCRR 535.6 (b) was intended to make it clear that a violator other than a student, etc., who commits a violation of the rules and who is not a licensee or invitee, cannot argue in a prosecution under the Penal Law for trespass or loitering that subdivision (b) of section 535.6 was a license or invitation for him to enter the premises until such time as he was ordered to leave and that his entry onto the campus prior to his violation was not a trespass. I do not think the last sentence of subdivision (b) was meant to take from the chief administrative officer, or his designee, the authority to "lawfully] order” (Penal Law, § 140.00, subd 5) persons other than "other violator^]” (8 NYCRR 535.6 [b]) to remove themselves from places where they have no authority to be and to prosecute them for trespass or loitering under the Penal Law if they failed to obey his order.
Obviously the procedures set forth in 8 NYCRR 535.6 for violations of the university’s rules and regulations were not intended to preclude prosecution under the Penal Law. Certainly, any person whether a student or otherwise, who, for instance, violates subdivision (a) of section 535.3 because he willfully causes physical injury to another could also be prosecuted under the Penal Law. If such is the case, I see nothing in the rules and regulations which would prohibit a concurrent Penal Law prosecution for any violation of section 535.3 which also happens to be a violation of the Penal Law.
Furthermore, 8 NYCRR 535.7 (a) through (d) captioned "Enforcement Program” gives the chief administrative officer or his designee the right to enforce the rules and regulations and to eject any violator of the rules, including a student, and under certain circumstances he is given not only the right to eject but he is told he "shall” do so (subd [c]) and if necessary subdivision (d) of section 535.7 also permits him to call in the public authorities for aid, or to obtain a court injunction to restrain the violators or threatened violators of the rules.
If the rules give the chief administrative officer or his designee the right to eject students from the premises and gives him the right to call local or State Police or the courts to aid him in doing so, he certainly has the right and the authority as defined in subdivision 5 of section 140.00 of the Penal Law to "lawfully order” a student to leave the premises being violated.
*206 Except as granted, this motion is in all other respects denied.